Honorable Christopher M. Alston
Hearing Date: September 21, 2023
Hearing Time: 9:30 a.m.
Location: Seattle, Courtroom 7206

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>BINLEY M. ROBINSON,<br><br>Debtor. | Case No. 03-17042-CMA<br><br>UNITED STATES TRUSTEE'S OBJECTION TO THE FINAL APPLICATION FOR COMPENSATION BY FORMER ATTORNEY FOR THE TRUSTEE |

Gregory M. Garvin, the Acting United States Trustee for Region 18 (the "United States Trustee"), hereby Objects to the Final Application for Compensation by Former Attorney for the Trustee, David A. Gebben. The basis of the objection is that the fees incurred were not necessary to the administration of the case because the claims bar date passed over four years ago, and no claims have been filed. Without claims to pay, the pursuit of an asset is unnecessary.

I. **BACKGROUND**

The Debtor in this case filed a petition for relief under Title 11, chapter 7, of the United States Code on May 29, 2003. Initially, the case proceeded as a no asset chapter 7 case. The trustee, Edmond Wood (the "Trustee") filed a no asset report on July 7, 2023, (ECF #13), and Debtor received a discharge on September 4, 2003, (ECF #13). Thereafter, the case closed on September 9, 2003. ECF #15. Over fifteen years later, on February 13, 2019, the United States Trustee filed a motion to reopen the case, due to the discovery of a possible asset. ECF #17.

UNITED STATES TRUSTEE'S OBJECTION - Page 1

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

The asset at issue in this case arises from the probate estate of Eloise Robinson, who appears to have passed away on or around September 20, 1979. Declaration of Matthew Johnson (herein "Johnson Decl.") Exhibit A. A probate was opened in her name in Kings County Surrogate's Court, in New York State, on or around June 4, 1980, under case number 1980-2985, but little to no activity was recorded on that docket. *See* Johnson Decl., Exhibit B. It appears that a new action under the probate was then opened on or around October 11, 2019, under case number 1980-2985/A. *See* Johnson Decl. Exhibit C. An action was also started under case number 1980-1985/B on or around October 26, 2019. *See* Johnson Decl. Exhibit D.

Debtor scheduled $142,933.22 in general unsecured claims, $111,000.00 of which relates to "1989 capital gains/federal tax issues." ECF #1, which is attached to the Johnson Decl. as Exhibit E. Debtor also scheduled $1,438.84 owed to the U.S. Treasury/IRS as a priority claim, and a $5,640.00 secured claim owed to GMAC. *Id.*

After reopening, the Trustee was reappointed on February 20, 2019. ECF #20. The following day, Mr. Gebben filed an application to employ himself on behalf of the Trustee (ECF #21), and the Trustee requested the Clerk's office set a claims bar date, which was set for May 28, 2019 (the "Claims Bar Date"). ECF #25. The Trustee then filed an application to employ Richard H. Bennet as special counsel, which application was approved by the Court on March 15, 2019. ECF ##30, 34. No claims were filed by the Claims Bar Date, and no claims have been filed since.

As noted above, Mr. Gebben's employment was approved on February 21, 2019, and based on the application, Mr. Gebben is billing for 2.3 hours of work for services between February 7, 2019, and February 15, 2019. Furthermore, Mr. Gebben is billing for 26 hours of time after the Claims Bar Date, when no claims were filed, and 15.8 hours between the time his employment was approved and the passing of the Claims Bar Date.

II. **ANALYSIS**

The United States Trustee is requesting that the Court disallow the entirety of the fees sought in the Application, $13,009.50, because the fees were not reasonably likely to benefit the

UNITED STATES TRUSTEE'S OBJECTION - Page 2

estate when they were incurred due to the lack of creditors. In the alternative, the fees should be contingent on a creditor filing a claim.

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) *whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered* toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled.

11 U.S.C. § 330(a)(3)(A) (*emphasi*s added).

In the present case, the United States Trustee is not objecting to the time, rate, or skill displayed by Mr. Gebben. Instead, the United States Trustee objects because pursuing assets when there are no claims does not benefit the estate. Specifically,

> the court shall not allow compensation for
>
> (i) unnecessary duplication of services; or
>
> (ii) services that were not
>
> (I) *reasonably likely to benefit the debtor's estate*; or
>
> (II) *necessary to the administration of the estate.*

§ 330(a)(4)(A). (*emphasis* added). The bankruptcy code requires a chapter 7 trustee to "collect and reduce to money property of the estate…as is compatible with the best interest of the parties." § 704(a)(1). To that end, the trustee's "primary job" is to convert estate property to money "so that

UNITED STATES TRUSTEE'S OBJECTION - Page 3

those assets can be distributed to the estate's creditors." *In re KVN Corp.*, 514 B.R. 1, (9th Cir. BAP 2014) (citing *U.S. Tr. v. Joseph (In re Joseph)*, 208 B.R. 55, 60 (9th Cir. BAP 1997)).

The BAP's holding in *In re KVN Corp.*, is also consistent with the United States Trustee's Handbook for Chapter 7 Trustees, which provides that "[a] chapter 7 case must be administered to maximize and expedite dividends to creditors. *A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals*." Exec. Office for U.S. Trs., Handbook for Chapter 7 Trustees at 4-16 (2012) (*emphasis* added)). Here, no claims have been filed; therefore, the only parties to the estate that will benefit are the Trustee and his professionals. As a result approval of these fees would be improper unless there is a distribution to creditors as well.

### III. CONCLUSION

The United States Trustee respectfully requests that either the requested fees be denied or that the order provide that such fees not be paid unless and until there is a distribution to creditors of the estate, other than the Trustee and his professionals.

Dated this Thursday, September 14, 2023, by:

        Gregory M. Garvin
        Acting United States Trustee for Region 18

        /s/ *Matthew J.P. Johnson*
        Matthew J.P. Johnson, WSBA #40476
        Attorney for United States Trustee

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)